OPINION
{¶ 1} Appellant Southprint, Inc. appeals a summary judgment of the Court of Common Pleas of Delaware County, Ohio, which granted a decree of foreclosure against the property owned by appellees Steven D. and April J. Lerner, and established the priority of mortgages and liens against the property. Appellant assigns a single error to the trial court:
 {¶ 2} "I. The Trial Court erred, abused its discretion and Committed reversible error when it applied the doctrine of Equitable Subrogation and granted partial summary judgment to the Defendant, U.S. BANK, and denied the motion of defendant, SOUTHPRINT, INC. for Reconsideration on the issue of lien priority."
 {¶ 3} The record indicates on December 21, 1995, appellees Steven and April Lerner executed a mortgage in favor of First Deposit National Bank in the amount of $119,200. On the same day, the Lerners executed a second mortgage to First Deposit for $10,000. The mortgages were filed in Delaware County, Ohio. In March, 2001, First Deposit assigned the second mortgage to plaintiff-appellee Alegis Group, and the assignment was filed in the Delaware County Recorder's Office as well.
 {¶ 4} On July 8, 1998, defendant-appellant Southprint recorded a judgment against Steven Lerner in the amount $8,885.45 plus interest.
 {¶ 5} In January of 2002, the Lerners refinanced their loan through New Century Mortgage Corporation for $134,000. New Century ordered a title search, which incorrectly reported the second mortgage was released, and which did not disclose any judgment liens against the property. New Century paid the prior mortgage and advanced the Lerners $11,339.13. The new mortgage was filed in Delaware County. New Century did not satisfy either the second mortgage or the judgment lien, but only the first mortgage. New Century later became U.S. Bank.
 {¶ 6} Lerner's defaulted on their payments on the second mortgage, and Alegis filed its complaint in foreclosure in February 2003. The court granted default judgment, and then entertained motions for summary judgment on the issue of the priority of the various encumbrances on the property. The trial court's summary judgment of January 22, 2004 found U.S. Bank in first position after taxes and costs, to the extent of the prior mortgage it paid off, with interest; Alegis Group in second position; Southprint, Inc. in third position; and U.S. Bank for the balance owed on its mortgage.
 {¶ 7} Southprint and Alegis filed motions for reconsideration, which were overruled on April 22, 2004. Also on April 22, 2004, the court entered a decree of foreclosure, and this appeal ensued.
 {¶ 8} The trial court found the doctrine of equitable subrogation required U.S. Bank be granted priority in its lien to the extent it had discharged the original first lien, but not as to the additional funds given to the Lerner's. The court distinguished our case of The Bank of New York v. Fifth ThirdBank (January 30, 2002), Delaware Appellate No. 01CAE03005, 2002-Ohio-352, and found the facts in Federal Home Loan MortgageCorporation v. Moore (September 27, 1990), Franklin Appellate No. 90AP-546, more similar to the case at bar.
 {¶ 9} R.C. 5301.23 sets forth the general rule regarding priority of mortgages. It provides all mortgages shall be recorded in the office of the county recorder in the county in which the mortgaged premises are situated, and shall take effect at the time they are delivered to the recorder. If two or more mortgages against the same property are presented for recording on the same day, they take effect in order of their presentation, with the mortgage first in time having priority.
 {¶ 10} The doctrine of subrogation is sometimes applied by courts to alter the statutory scheme. Subrogation generally substitutes one party in the place of another with reference to the other's claim or right, see, e.g., Federal Union LifeInsurance v. Deitsch (1934), 127 Ohio St. 505. In StateDepartment of Taxation v. Jones (1980), 61 Ohio St. 2d, 99,399 N.E. 2d 1215, the Ohio Supreme Court explained conventional subrogation focuses on the contractual obligations of the parties, either express or implied, which compel a payor-creditor to be substituted for the creditor discharged by the payor-creditor's loan. Legal subrogation, on the other hand, arises by operation of law when one party pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. Traditionally, subrogation grants relief to a party in order to prevent fraud, or to grant relief from mistake, and subrogation depends upon the facts and circumstances of each particular case,Jones, citing Canton Morris Plan Bank v. Most (1932),44 Ohio App. 108, 184 N.E. 765.
 {¶ 11} In the Moore case, relied upon by the trial court, the Moore's refinanced several existing mortgages on their home. The property carried a personal first mortgage and a partnership mortgage on the residence. Later, there was a third mortgage to secure a business loan. At this point, all the lenders were aware of the first mortgage. However, when Moore's refinanced their loans, they failed to disclose the third, business loan, and the title searchers missed the lien. On these facts, the Court of Appeals for the 10th District found the bank's negligence was not material as to equitable subrogation, because the bank properly filed its mortgage. The only mistake was in the title search, and no one was mislead or injured by this mistake. The court found no one changed their position in reliance on the mistake, and there was no prejudice because the holder of the third mortgage never bargained for or expected to be first in priority. The Franklin County Court of Appeals found to elevate the third mortgage to a first lien position would be inequitable because it would give the bank what it referred to as "unearned windfall". Finally, the Franklin County Court of Appeals found the title company's negligence did not change appellant's rights to equitable subrogation even if the appellant had a remedy against the title company.
 {¶ 12} In our case of Bank of New York v. Fifth Third Bank,
the facts were quite different. There, the Laymon family had an open-end mortgage also known as a home equity line of credit or revolving credit line from Fifth Third Bank. When Laymon's decided to consolidate their loan through the Bank of New York, the Bank of New York requested a payoff statement from Fifth Third Bank. The Bank of New York sent the payoff check as requested, but Laymon's did not submit a written request to Fifth Third Bank to cancel the equity line of credit. At some point later, the Laymon's discovered they still had their equity loan, and borrowed the maximum amount on the credit line. When the Laymon's defaulted, the trial court had to determine the priorities of the liens. The court held Fifth Third's lien was entitled to priority pursuant to statute, and the mortgage of the Bank of New York was inferior to Fifth Third Bank's lien. We agreed, finding pursuant to R.C. 5301.232, the open-ended mortgage was effective at the time it was recorded regardless of when the lender actually made the advances secured by the mortgage. This court declined to provide equitable relief to the Bank of New York, finding it had not protected its own interest by insuring the first loan was cancelled, and there was no evidence Fifth Third Bank had in any way contributed to the mistake. This court held a prima facia case for equitable estoppel requires a plaintiff to prove: (1) that the defendant made a factual misrepresentation; (2) that is misleading; (3) which induces actual reliance which is reasonable and in good faith; and (4) which results in a detriment to the relying party,Bank of New York, supra, citing Doe v. Blue Cross/Blue Shieldof Ohio (1992), 79 Ohio App. 3d 369, 607 N.E. 2d 492.
 {¶ 13} Turning to the case at bar, we must review the actions of the parties. U.S. Bank's title company clearly made mistakes when it reported appellee's second mortgage was released, when in fact it was not. The company was also negligent in not discovering appellant Southprint's lien. There is nothing in the record to indicate any of the other parties misled U.S. Bank or its agent, or interfered in its search.
 {¶ 14} We find U.S. Bank could not set forth a prima facia case for equitable subrogation, and upon these facts, where the record only shows that properly recorded mortgages and liens were not found, there is no reason to depart from the statutory scheme set forth in R.C. 5301 regarding the priority of liens.
 {¶ 15} U.S. Bank urges appellant did not file a brief in opposition to U.S. Bank's motion for summary judgment, but only filed a motion for reconsideration after the court entered its judgment. A review of the docket and record does not substantiate this assertion.
 {¶ 16} The assignment of error is sustained.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee U.S. Bank.