OPINION
{¶ 1} Appellant National City Bank appeals the decision of the Perry County Court of Common Pleas denying its Motion for Summary Judgment and granting Summary Judgment in favor of Appellee Wells Fargo Bank.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case involves a dispute between Appellant National City Bank ("National City") and Appellee Wells Fargo Bank, N.A. ("Wells Fargo") and relates to lien priority on real property commonly known as 58 East Columbus Street, Thornville, Ohio (hereinafter "subject property").
 {¶ 3} The relevant facts are as follows:
 {¶ 4} On or about April 29, 1999, National City made two loans to Charles and Faith Dupler.
 {¶ 5} The first loan was in the principal amount of $57,850.53, which was secured by a mortgage on the Dupler's home, located at 58 E. Columbus St., Thornville, Ohio, said mortgage being filed for record in Volume 235, Page 827 of Perry County Records on May 17, 1999.
 {¶ 6} The second loan was a line of credit secured by an Open-End Mortgage on the same property, with an initial advance of $16,800.00. Said mortgage was filed for record in Volume 235, Page 829 of Perry County Records.
 {¶ 7} In August 2001, the Duplers sought to refinance their National City loans through Option One Mortgage Co., predecessor to Wells Fargo Bank (collectively, "Wells Fargo"). *Page 3 
 {¶ 8} Wells Fargo settled and funded the Dupler's new loan without sending a letter to National City Bank to request closure of the line of credit or to release its Open-End Mortgage. The Duplers used most of the proceeds of the Wells Fargo loan to pay off National City Bank's first mortgage loan. Upon receipt of said proceeds, National City released the First Mortgage
 {¶ 9} Wells Fargo's closing agent also sent National City Bank a check that was sufficient to reduce the balance of the Dupler's credit line to zero. This loan was not closed and the credit line remained open.
 {¶ 10} Wells Fargo recorded its mortgage on August 21, 2001.
 {¶ 11} One week after National City received the check reducing the balance of the Dupler's line of credit to zero, the Duplers began to take further advances on the credit line account. The Duplers continued making monthly payments on their line of credit until May, 2006. The Duplers currently owe a principal balance of $11,860.55 on their line of credit, plus interest.
 {¶ 12} Upon default by Charles T. Dupler, on January 10, 2006, Wells Fargo commenced the within action seeking judgment on the promissory note and to foreclose the Option One Mortgage. See Complaint.
 {¶ 13} On May 6, 2003, the Trial Court entered a Judgment and Decree in Foreclosure that held the priority dispute between Appellant National City Bank and Appellee Wells Fargo in abeyance. (See Judgment and Decree in Foreclosure).
 {¶ 14} On August 15, 2006, Wells Fargo filed a Joint Motion for Summary Judgment and Memorandum in Opposition to Summary Judgment that requested first *Page 4 
lien position pursuant to the doctrine of equitable subrogation or, in the alternative, that Appellant's lien priority be set-off in the amount of $16,886.96.
 {¶ 15} Pursuant to the Trial Court's August 15, 2006 Scheduling Order, Appellant was required to file a Response no later than September 5, 2006. On September 12, 2006, the Trial Court found that there was no issue of fact and that Wells Fargo was entitled to judgment as a matter of law as to lien priority on the subject property.
 {¶ 16} Appellant filed a notice of appeal to this Court, and herein raises the following Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 17} "I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT BASED ON EQUITABLE SUBROGATION IN FAVOR OF WELLS FARGO BANK.
 {¶ 18} "II. THE TRIAL COURT ERRED WHEN IT DENIED NATIONAL CITY BANK'S MOTION FOR SUMMARY JUDGMENT AS TO PRIORITY."
 "Summary Judgment Standard" {¶ 19} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
 {¶ 20} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving *Page 5 
party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 21} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107.
 {¶ 22} It is based upon this standard that we review appellant's assignments of error.
 I., II. {¶ 23} We shall address Appellant's assignments of error together as they both challenge the trial court's rulings on the motions for summary judgment.
 {¶ 24} Appellant National City Bank argues that it is entitled to lien priority pursuant to the first-in-time rule. *Page 6 
 {¶ 25} Appellee Wells Fargo/Option One argues, and the trial court found, that it was entitled to first lien position pursuant to the doctrine of equitable subrogation.
 {¶ 26} R.C. 5301.23 sets forth the general rule regarding priority of mortgages. It provides all mortgages shall be recorded in the office of the county recorder in the county in which the mortgaged premises are situated, and shall take effect at the time they are delivered to the recorder. If two or more mortgages against the same property are presented for recording on the same day, they take effect in order of their presentation, with the mortgage first in time having priority.
 {¶ 27} The doctrine of equitable subrogation is sometimes applied by courts to alter such statutory scheme. Subrogation generally substitutes one party in the place of another with reference to the other's claim or right, see, e.g., Federal Union Life Insurance v. Deitsch (1934), 127 Ohio St. 505, 189 N.E. 440. In State Department of Taxation v.Jones (1980), 61 Ohio St.2d, 99, 399 N.E.2d 1215, the Ohio Supreme Court explained conventional subrogation focuses on the contractual obligations of the parties, either express or implied, which compel a payor-creditor to be substituted for the creditor discharged by the payor-creditor's loan. Equitable subrogation, on the other hand, arises by operation of law when one party pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. Traditionally, subrogation grants relief to a party in order to prevent fraud, or to grant relief from mistake, and subrogation depends upon the facts and circumstances of each particular case, Jones, citing Canton Morris PlanBank v. Most (1932), 44 Ohio App. 108, 184 N.E. 765. See Alegis GroupL.P. v. Lerner, Delaware App. No. 2004-CAE-05038, 2004-Ohio-6205. *Page 7 
 {¶ 28} This Court, was presented with an almost identical situation in the case of Bank of New York v. Fifth Third Bank, Delaware App. No. 01CAE03005, 2002-Ohio-352. In such case, the Laymon family had an open-end mortgage also known as a home equity line of credit or revolving credit line from Fifth Third Bank. When Laymon's decided to consolidate their loan through the Bank of New York, the Bank of New York requested a payoff statement from Fifth Third Bank. The Bank of New York sent the payoff check as requested, but Laymon's did not submit a written request to Fifth Third Bank to cancel the equity line of credit. At some point later, the Laymon's discovered they still had their equity loan, and borrowed the maximum amount on the credit line. When the Laymon's defaulted, the trial court had to determine the priorities of the liens. The court held Fifth Third's lien was entitled to priority pursuant to statute, and the mortgage of the Bank of New York was inferior to Fifth Third Bank's lien. We agreed, finding pursuant to R.C.5301.232, the open-ended mortgage was effective at the time it was recorded regardless of when the lender actually made the advances secured by the mortgage. This Court declined to provide equitable relief to the Bank of New York, finding it had not protected its own interest by insuring the first loan was cancelled, and there was no evidence Fifth Third Bank had in any way contributed to the mistake.
 {¶ 29} This Court, in Bank of New York v. Fifth Third Bank, supra, held a prima facia case for equitable estoppel requires a plaintiff to prove: (1) that the defendant made a factual misrepresentation; (2) that is misleading; (3) which induces actual reliance which is reasonable and in good faith; and (4) which results in a detriment to the relying party, Bank of New York, supra, citing Doe v. Blue Cross/Blue Shield ofOhio (1992), 79 Ohio App.3d 369, 607 N.E.2d 492. Id. *Page 8 
 {¶ 30} In the case sub judice, Option One/Wells Fargo knew of the existence of the two open-end mortgages held by National City as such loans were the subject of the refinance loan. Option One/Wells Fargo failed to protect its own interest by insuring the loans with National City were cancelled. In fact, Option One/Wells Fargo never even sent a request to National City to cancel said loans. Furthermore, there was no evidence that National City in any way contributed to the mistake.
 {¶ 31} Upon review, this Court finds that the facts do no permit equitable subrogation and that there is no reason to depart from the statutory scheme set forth in R.C. § 5301 regarding the priority of liens.
 {¶ 32} Appellant's Assignments of Error are sustained.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is hereby reversed and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 By: Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed and remanded for further proceedings consistent with this opinions.
 Costs to Appellee. *Page 1